UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 18, 2013

LETTER TO COUNSEL:

RE: *James Bradshaw v. Commissioner, Social Security Administration*;
Civil No. SAG-12-929

Dear Counsel:

On March 26, 2012, the Plaintiff, James Bradshaw, petitioned this Court to review the Social Security Administration's final decision to deny his claims for Child's Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 9, 12). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

Mr. Bradshaw filed his claims on February 28, 2007. (Tr. 179-85). He alleged that he became disabled on May 3, 2000. (Tr. 179). His claims were denied initially on April 24, 2007, and on reconsideration on August 3, 2007. (Tr. 117-24, 130-33). A hearing was held on October 23, 2008 before an Administrative Law Judge ("ALJ"). (Tr. 31-59). Following the hearing, December 24, 2008, the ALJ determined that Mr. Bradshaw was not disabled. (Tr. 94-110). The Appeals Council reversed and remanded the case to the ALJ. (Tr. 111-18). On remand, the ALJ held another hearing on April 28, 2010. (Tr. 60-89). On July 23, 2010, the ALJ again determined that Mr. Bradshaw had not been disabled at any time since May 3, 2000. (Tr. 19-30). The Appeals Council denied Mr. Bradshaw's request for review (Tr. 1-4), so the ALJ's 2010 decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Bradshaw suffered from several severe impairments, including attention deficit hyperactivity disorder (ADHD), borderline intellectual functioning, and obesity. (Tr. 22). Despite these impairments, the ALJ determined that Mr. Bradshaw retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is limited to occasional climbing, stooping, kneeling, crouching, and crawling, and is further limited to simple, unskilled jobs with limited contact with the general public.

(Tr. 24). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Bradshaw can perform jobs that exist in significant numbers in the national economy, and that he is therefore not disabled. (Tr. 29-30).

Mr. Bradshaw presents three arguments on appeal. First, he contends that the ALJ failed to properly evaluate the opinions of Dr. Anderson, Dr. Estupinan-Kane, and Dr. Dale. Second, he argues that the ALJ was required to perform a more detailed assessment of his ability to perform the mental demands of work. Lastly, Mr. Bradshaw argues that the ALJ erroneously relied on the testimony of the VE. I agree that the ALJ failed to adequately explain the weight given to the medical opinions in the record, and therefore failed to support his RFC determination with substantial evidence. Remand is warranted.

Mr. Bradshaw argues that the ALJ failed to properly evaluate the medical opinions in the record. In his opinion, the ALJ gave "great weight" to the State agency psychological consultants, and "some weight" to the opinions of Dr. Anderson and Dr. Estupinan-Kane. As the ALJ conceded, the State agency psychological consultants did not review a large and important portion of the medical records, specifically the reports created by Dr. Anderson and Dr. Estupinan-Kane.[1] Therefore, the ALJ placed great weight on medical opinions that did not include review of evidence critical to Mr. Bradshaw's case.

In addition, the ALJ assigned "some weight" to Dr. Anderson's findings. Dr. Anderson opined that Mr. Bradshaw's ability to make occupational adjustments, personal-social adjustments, and maintain attention and concentration was poor, that he had no ability to deal with work stresses, was intellectually limited, childlike, dependent, immature, and used poor judgment. (Tr. 28). The Commissioner argues that the ALJ did not err because he limited Mr. Bradshaw to "simple, unskilled jobs with limited contact with the general public." Def. Mot. 15. However, the ALJ did not explain his failure to include the limitations relating to occupational adjustments or pace of work in his RFC.

Similarly, the ALJ assigned some weight to Dr. Estupinan-Kane's opinions that Mr. Bradshaw was markedly restricted in his ability to interact with the public, supervisors, and co-workers, and in his ability to respond appropriately to usual work situations. (Tr. 28). Although courts have held that restricting claimants to unskilled tasks requiring minimal contact with others is consistent with moderate limitations in social functioning, concentration, persistence, and pace, the same is not true for marked limitations. *See, e.g., Myers v. Astrue*, Civil Action No. BPG-09-1647, 2010 WL 2998666, at *5 (D. Md. July 23, 2010). Again, the ALJ did not explain his failure to include the limitations recommended by Dr. Estupinan-Kane.

---

[1] The second state agency consultant, Dr. Oidick, may have had access to Dr. Anderson's consultative exam report. His two-page affirmance of the prior reviewer, however, does not indicate whether he saw Dr. Anderson's opinion. (Tr. 317-18).

The ALJ's conclusory statement that the doctors' opinions "were consistent with the longitudinal medical evidence" does not fulfill his duty of explanation on these facts.[2] The ALJ failed to explain which findings of Drs. Anderson and Estupinan-Kane were relied upon, which were discarded, and why the medical evidence supported those findings. Finally, the ALJ assigned "little weight" to the opinion of Dr. Spratt "because it is not supported by the longitudinal medical evidence." (Tr. 28). Again, this statement provides no ability to review the factual underpinnings for the conclusion. Accordingly, the ALJ's opinion, as written, is not supported by substantial evidence.[3]

Mr. Bradshaw's remaining arguments have no merit. He next argues that the ALJ failed to include numerous moderate limitations found by Dr. Dale in his RFC. Mr. Bradshaw is correct that Dr. Dale checked multiple "moderate limitations" in Section I of his opinion, and that the ALJ did not include all of those limitations in his RFC. However, the relevant portion of the physicians' opinions is not Section I, which sets forth a series of "check the box" rankings, but Section III, which provides a detailed narrative functional capacity assessment. *See* Program Operations Manual System DI 24510.060B (Mental Residual Functional Capacity Assessment). Because Section I does not include the requisite level of detail to inform the ALJ's opinion, an ALJ need not address each of the Section I limitations. *See, e.g., Andrews v. Astrue*, Civil No. SKG–09–3061, slip op. at *39 (D. Md. Oct. 25, 2011) (noting that "even if the ALJ had not explicitly addressed each of the mental function limitations appearing on Section I of the mental RFCA, he was not required to do so."). Moreover, the ALJ adequately addressed the limitations found in Dr. Dale's Section III RFC. The ALJ limited Mr. Bradshaw to "simple, unskilled jobs with limited contact with the general public" (Tr. 24), which is consistent with Dr. Dale's finding that Mr. Bradshaw's RFC "appear[s] compatible with at least one step task related functions equated with competitive employment." (Tr. 298). Therefore, the ALJ's assignment of great weight to Dr. Dale's opinion is consistent with his RFC determination.

Mr. Bradshaw also argues that the ALJ failed to perform a more detailed assessment of his capacity to perform the mental demands of work. However, Mr. Bradshaw provides no analysis of how a "more detailed" assessment might have resulted in a different outcome. In addition, the ALJ analyzed Mr. Bradshaw's mental capacity throughout his opinion. Remand is therefore unwarranted on this issue. *Copes v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-11-3487, 2013 WL 1809231, at *3 (D. Md. Apr. 26, 2012).

For the reasons set forth herein, Mr. Bradshaw's motion for summary judgment (ECF No. 9), and Defendant's motion for summary judgment (ECF No. 12), will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

---

[2] Because Mr. Bradshaw's argument regarding the VE's testimony is intertwined with his argument regarding the weight assigned to the medical evidence in the record, the ALJ's reliance on the VE's testimony was infected by his failure to support his RFC finding with substantial evidence.

[3] To be clear, I express no opinion on whether Mr. Bradshaw was in fact disabled during the relevant timeframe.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge